UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEONDRA MALONE, )<br>   Plaintiff, )<br>     )<br> v.    )<br>     )<br>DIXON ENGINEERING, INC., and )<br>UTILITY SERVICE COMPANY,  )<br>   Defendants. )| CAUSE NO.: 2:22-CV-343-JEM |

**OPINION AND ORDER**

This matter is before the Court on Utility Service Company, Inc.'s Rule 12(b)(6) Motion to Dismiss the Plaintiff's Complaint [DE 67], filed March 9, 2023. Defendant argues that Plaintiff's First Amended Complaint should be stricken because Utility Service was added as a party defendant after the expiration of the statute of limitations. Plaintiff filed a response on March 30, 2023; Utility Service did not file a reply, and the time to do so has expired.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I. Background**

On January 13, 2022, Plaintiff filed suit in Cook County, Illinois, alleging that he was injured on May 19, 2020, while on a painting job. He did not sue his employer, but instead brought this suit against Defendant Dixon Engineering, which was in charge of the construction of a water tower in Hammond, Indiana, on which his employer was a subcontractor. On April 26, 2022, Dixon removed the case to the Northern District of Illinois and thereafter, Plaintiff sought leave to file his First Amended Complaint. On June 28, 2022, Plaintiff filed his First Amended Complaint

1

adding Defendant Utility Service, which he alleges "was in control of the erection and construction of a water tower in Hammond, Indiana" and "participated in coordinating work being done and designating various work methods." Pl. Am. Comp. p. 6 [DE 16]. On November 15, 2022, the case was transferred to the Northern District of Indiana.

**II. Analysis**

Utility Service argues that it should be dismissed from the case because it was added as a party defendant after the expiration of the statute of limitations. Plaintiff argues that the First Amended Complaint is not "indisputably untimely" and therefore dismissal would be improper.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

A contention that a claim is barred by the statute of limitations is an affirmative defense, and a plaintiff does not have to "anticipate or overcome" it in the complaint. *Covington v. Mitsubishi Motor Mfg. of Am., Inc.*, 154 F. App'x 523, 524 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)); Fed. R. Civ. P. 8(c). The burden of an affirmative defense rests upon the party seeking the benefit. *See MNW, LLC v. Mega Auto Grp., Inc.*, 884 F. Supp. 2d 740, 754 (N.D. Ind. 2012) (citing *GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 653 (Ind. Ct. App. 2002)).

A complaint does not fail under the motion to dismiss standard simply because a "defense

2

is potentially available." *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Rather, dismissal based upon "an affirmative defense is appropriate only where the plaintiff pleads [itself] out of court by 'admit[ting] all the ingredients of an impenetrable defense.'" *Covington*, 154 F. App'x at 524–25 (7th Cir. 2005) (quoting *Xechem*, 372 F.3d at 901). In such a case, the affirmative defense's merit must be "apparent from the complaint itself" and "unmistakable." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

Defendant Utility Service argues that since it was added as a party defendant after the expiration of the statute of limitations, dismissal is proper. Plaintiff argues that the Amended Complaint does not, on its face, preclude the conclusion that the claims against Utility Service will relate back under the provisions of Rule 15(c).

Plaintiff's Amended Complaint, first asserting claims against Utility Service, was filed more than two years after the incident, which the parties agree is outside of the applicable statute of limitations. Its addition is therefore only timely if the amended pleading relates back to the initial filing date of January 13, 2022.

Under the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Rule 15(c)(1).

3

Fed. R. Civ. P. 15; *see also Krupski v. Costa Crociere S. P. A.*, 560 U.S. 538, 546 (2010).

The Amended Complaint alleges that Utility Services was a party in charge of scheduling work at the worksite in question. Plaintiff argues that he learned of Utility Services' role in the activities that form the basis of his claims when Defendant Dixon identified Utility Services as a party contributing to the incident in its answer and affirmative defenses filed on June 1, 2022. The Amended Complaint does not on its face plead Plaintiff out of his cause of action against Utility Service. *Covington*, 154 F. App'x at 524–25 (7th Cir. 2005) (quoting *Xechem*, 372 F.3d at 901). There is nothing in the Amended Complaint that states when Utility Service knew or should have known of the cause of action or whether the delay has impaired Utility Service's ability to defend itself. Fed. R. Civ. P. 15(c). Defendant does not include sufficient facts or argument for the Court to conclude that it did not have notice or that it cannot defend itself, and those matters can be explored as the case proceeds. The Court can determine whether the Amended Complaint relates back when presented with sufficient facts to do so. *Joseph v Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011).

**III.  Conclusion**

For the foregoing reasons, the Court hereby **DENIES without prejudice** Utility Service Company, Inc.'s Rule 12(b)(6) Motion to Dismiss the Plaintiff's Complaint [DE 67].

SO ORDERED this 19th day of April, 2023.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record