**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DEONDRA MALONE,<br>Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:22-CV-343-JEM |
| DIXON ENGINEERING, INC., and<br>UTILITY SERVICE COMPANY, INC.,<br>Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Utility Service Co., Inc's Motion for Summary Judgment [DE 111], filed March 27, 2026. Defendant Utility Service Co., Inc., moves for summary judgment on all of Plaintiff's claims against it.

## I. Procedural Background

This case was initially filed in Illinois state court on January 13, 2022, bringing claims against only Dixon Engineering, Inc., for personal injury. Plaintiff previously filed an application for adjustment of claim with the Illinois Workers' Compensation Commission, naming his employer Maxcor as the Employer/Respondent. On April 5, 2022, Plaintiff notified the workers' compensation adjuster of the state court case. The case was removed to federal court in the Northern District of Illinois on April 26, 2022. On June 28, 2022, Plaintiff filed an amended complaint naming Utility Service as an additional defendant in the lawsuit. The case was later transferred to the Northern District of Indiana on November 15, 2022.

Discovery began in February 2023 and is currently scheduled to close on November 30, 2026. On April 19, 2023, the Court denied without prejudice Utility Service's motion to dismiss based on the statute of limitations. Utility Service filed the instant Motion on March 27, 2026, again arguing that it is entitled to judgment on all of Plaintiff's claims because they were not filed

within the statute of limitations. Plaintiff filed a response on May 8, 2026, and on June 5, 2026, Utility Service filed a reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*,

588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

**III. Analysis**

Utility Service argues that Plaintiff's Amended Complaint is not viable as it was not properly filed and that, even if the amended complaint is viable, it is entitled to summary judgment on all of Plaintiff's claims against it since they were not filed prior to the expiration of the statute of limitations. Plaintiff argues that there is a question of material fact regarding whether Utility Service had notice within the required time frame and that his First Amended Complaint was properly filed and should be viable even if not.

A. <u>Viability of Plaintiff's First Amended Complaint</u>

Utility Service argues that there is no amended complaint pending against it because of irregularities in the amendment process before the case was transferred to this Court. On June 23, 2022, Plaintiff was directed to file an amended motion for leave to amend with the proposed amended complaint attached within seven days. On June 28, 2022, Plaintiff filed his First Amended Complaint, but without having filed the required motion for leave, and thereafter, on July 5, 2022, Plaintiff filed a motion seeking leave to amend and requesting that leave be granted nunc pro tunc to June 28, 2022, or alternatively that he be given leave to file within seven days. On July 6, 2022, Judge Alonso granted Plaintiff's Amended Motion for Leave without specifying

whether it was being granted nunc pro tunc. He did not refile the amended complaint, but it remains on the docket from June 28, 2022. Plaintiff argues that the order granting it leave to amend did not explicitly require it to file an amended complaint and, even if that were not the clear implication, this case has been litigated by Utility Service over the last four years as though the amended complaint was properly filed.

The United States Court of Appeals for the Seventh Circuit has recognized that "[t]he liberal pleading policy in the Rules prevents dismissal of a meritorious action for purely formal or technical reasons." *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982)*; see also A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass'n & Chicago Journeymen Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 787, 791 (7th Cir. 2009) (rejecting an argument that a pleading should be disregarded because it was attached to a motion rather than separately filed). Utility Service's conduct demonstrates that it treats the Amended Complaint as viable. To allow Utility Service to now claim that no complaint exists after years of litigating the case as if it does exist would be unjust. Utility Service could have contested this issue long ago had it truly believed that the amended complaint was not viable as filed. *See In re Kontrick*, 295 F.3d 724 (7th Cir. 2002) (holding that a party waived an objection to the timeliness of an amended complaint because it relied on the amended complaint and did not challenge its timeliness until after the court had ruled on the merits). Accordingly, the Court finds that Plaintiff's Amended Complaint is viable.

B. Statute of Limitations for Personal Injury Actions

Utility Service argues that the statute of limitations bars Plaintiff's claims against it as Plaintiff's amended complaint does not relate back to its original complaint. Plaintiff argues that its claims do relate back and that Utility Service has not provided any evidence to show that it did

not know and should not have reasonably known of the lawsuit.

Under Indiana law, "[a]n action for: (1) injury to person or character" must "be commenced within two (2) years after the cause of action accrues." Ind. Code Ann. § 34-11-2-4(a)(a). Plaintiff and Utility Service do not dispute that the two-year statute of limitations period is applicable and that it expired on May 19, 2022, which is prior to the date Plaintiff first named Utility Services as a defendant to this lawsuit in his amended complaint. Plaintiff instead argues that the amended complaint relates back under Federal Rule of Civil Procedure 15(c) and Utility Service knew or should have known it may be sued.

Federal Rule of Civil Procedure 15(c)(1) describes when an amended pleading relates back to the date of the original pleading. In this case, the question before the Court is whether, within the 90-day period following the filing of the complaint provided by Rule 4(m), Utility Service "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); 4(m). The two relevant inquiries are: (1) whether Utility Services, as "the defendant who is sought to be added by the amendment[,] knew or should have known that the plaintiff, had it not been for a mistake, would have sued [it] instead or in addition to suing the named defendant;" and (2) "whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559-560 (7th Cir. 2011). The question focuses on what the party to be added knew or should have known during that period, rather than on the plaintiff's knowledge or diligence in seeking to amend. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 539, 548–49 (2010). Accordingly, the central questions before the Court are whether a mistake was made and whether Utility Service knew or should have known

that Plaintiff would have sued it initially but for a mistake.

Utility Service argues that Plaintiff's lack of knowledge about its identity was not a mistake within the meaning of Rule 15. It identifies the three typical types of mistakes: substitution of the proper party for a "John Doe" placeholder; substitution of the correct party for the wrongly-named party; and a typographical or naming error. Rule 15(c) does not permit relation back for the identification of "John Doe" defendants because listing a defendant as "John Doe" is not a mistake, *see Headrick v. Wise*, No. 3:16-CV-01328-GCS, 2021 WL 462203, at *4 (S.D. Ill. 2021) (summarizing cases), but Plaintiff did not substitute Utility Services for a placeholder defendant. There also was no typographical error or slight naming error or misnomer, each typical kinds of mistakes permitting amendment. *See Krupski*, 560 U.S. 538; *see also Joseph*, 638 F.3d at 555; *Worthington v. Wilson*, 8 F.3d 1253, 1254 (7th Cir. 1993). In this case, the amended complaint added a party rather than substituting one defendant for another. Although substitution is a typical exemplar of mistaken identity, as Plaintiff argues, adding a new party may be allowed for purposes of relation back under Federal Rule 15(c)(1)(C). *Egan v. A.W. Companies, Inc.*, No. 23 C 1148, 2024 WL 4382083, at *6 (N.D. Ill. 2024) ("Rule 15 allows an amended complaint not only to substitute a correct party for an incorrect one but also to add an additional party."); *see also Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). As the Supreme Court has described, a mistake under Rule 15(c) encompasses "inadequate knowledge," "misconception," "misunderstanding," or "an erroneous belief." *Krupski*, 560 U.S. at 548-49.

Utility Service argues that Plaintiff could have determined that it was a potential defendant before the expiration of the statute of limitations through better diligence, such as filing a FOIA request or bringing suit more quickly, and that Plaintiff's lack of knowledge should not constitute a mistake. In support of its argument, Utility Service cites several pre-*Krupski* cases. The Supreme

Court in *Krupski* made clear that whether a plaintiff knew or should have known the proper defendant's identity before filing the original complaint is the wrong inquiry. Rather, the relevant question is whether the defendant understood that the plaintiff had made a mistake concerning the proper party's identity. As the Supreme Court explained, "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Krupski*, 560 U.S. at 549. Thus, "it would be error to conflate knowledge of a party's existence with the absence of a mistake." *Id.*; *see also Headrick*, 2021 WL 462203, at 4 (explaining that whether a plaintiff's mistake is reasonable is not at issue under Rule 15(b) and the only time a court may consider a plaintiff's reasoning is when distinguishing between a mistake and a deliberate choice in which the plaintiff fully understands the factual and legal differences among strategic options) (citing *Krupski*, 560 U.S. at 549).

In this case, Plaintiff named Utility Service as a defendant after learning through Dixon Engineering's answer to its initial complaint that Utility Service was potentially liable. Utility Service does not argue in its motion that Plaintiff knew of its existence at the time of the original complaint, but differentiates the type of mistake in this case from the mistakes in other cases, including *Krupski* and *Joseph*, where the defendants' naming practices and interrelationship caused confusion over who the proper party was. *See Krupski*, 560 U.S. at 556 ("The interrelationship between Costa Cruise and Costa Crociere and their similar names heighten the expectation that Costa Crociere should suspect a mistake when Costa Cruise is named in a complaint actually describing Costa Crociere's activities."); *Joseph,* 638 F.3d at 558, 560 (explaining that relation back was appropriate and a mistake occurred when the plaintiff incorrectly named Elan Corp. instead of affiliated corporation Elan Inc. in its initial complaint). But the holdings in *Krupski* and *Joseph* are not as limited as Utility Service would prefer. "The question

under Rule 15(c)(1)(C)(ii) is not whether [Plaintiff] knew or should have known the identity of [Utility Service] as the proper defendant, but whether [Utility Service] knew or should have known that it would have been named as a defendant but for an error," because "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski*, 560 U.S. at 548 (emphasis in original); *see also Joseph,* 638 F.3d at 559, 560. The names of the initial defendant and the defendant to be added need not be similar. *See, e.g., In re LLS Am. LLC*, 701 F. App'x 565, 567–68 (9th Cir. 2017) (applying *Krupski* and holding that relation back was proper where the plaintiff initially sued a corporation controlled by the subsequently added individual defendant and the individual knew or should have known he would have been named but for a mistake concerning his role); *Armas v. New Albertson's Inc.*, No. CV-13-3036-LRS, 2013 WL 6498295, at *2-4 (E.D. Wash. 2013) (holding that amendment substituting wholly owned subsidiary for parent related back under Rule 15(c), because subsidiary knew or should have known that it would have been named but for plaintiff's mistake concerning the proper corporate defendant).

Plaintiff argues that Utility Service knew or should have known it was a proper defendant in this case. Maxcor, Plaintiff's direct employer, was Utility Service's contractor on the worksite, and its parent company purchased Utility Service during the project. It is undisputed that Maxcor knew about Plaintiff's injury and attendant workers' compensation claim by June 2020 and that Plaintiff notified Maxcor's workers' compensation adjuster on April 5, 2022, that this third-party case had been filed. Plaintiff asserts that, because of Maxcor's notice of the injury on the project site, the workers' compensation claim, and this lawsuit, and because Maxcor and Utility Service were both owned by the same parent company and Utility Service hired Maxcor specifically to

work on its project at the site of the injury, Utility Service knew or should have known about its potential liability and the lawsuit. Plaintiff therefore argues it has provided evidence to suggest that Utility Service knew or should have known of the lawsuit by April 5, 2022, less than 90 days after the filing of the lawsuit, because of its relationship to Maxcor, and Utility Service has not rebutted this supposition or supplied any facts establishing when it first knew or reasonably should have known of the pendency of the litigation and its status as a viable defendant. *Mitter v. Cnty. of DuPage*, No. 13 C 841, 2013 WL 5951810, at *5 (N.D. Ill. 2013) (explaining that the relation back inquiry focuses on "what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading"). Utility Service, while not specifically addressing Plaintiff's argument about Maxcor's knowledge nor its relationship with Maxcor, points out that it is not affiliated with the originally named defendant in this case, Dixon Engineering.

Knowledge of a lawsuit is not automatically imputed to a company in a parent-subsidiary relationship, *Joseph,* 638 F.3d at 559, but notice may be imputed if a sufficient identity of interest is shown. *Harvester Co.,* 627 F.2d 18, 21 (7th Cir. 1980); *Santora v. Starwood Hotel and Resorts Worldwide, Inc.,* No. 05-6391, 2007 WL 3037098, at *4 (N.D. Ill. 2007). Facts such as a unity of officers or directors, operations occurring at the exact same address, or the employment of the same attorneys or agents for service of process establish an identity of interest that allows for the imputation of knowledge under Rule 15. *See, e.g., Gavin v. AT&T Corp.*, 543 F. Supp. 2d 885, 902 (N.D. Ill. 2008); *see also Norton v. Int'l Harvester Co.,* 627 F.2d 18, 21 (7th Cir. 1980); *Santora*, 2007 WL 3037098, at 4 (summarizing cases). The parties have not presented the Court with evidence or substantial argument regarding the organization of Utility Service or its relationship to Maxcor other than that Utility Service is owned by Maxcor's parent company and

they have a different headquarters and registered agents, leaving the Court unable to weigh the other factors that should be considered when evaluating imputation. Although Maxcor had notice of Plaintiff's workers' compensation claim, there is no indication of – and no argument from either party regarding – whether that knowledge was provided to or can be imputed to Utility Service. Therefore, there is currently a factual dispute regarding when Utility Service received notice or should have become aware of the lawsuit within the Rule 4(m) period through its business relationship with Maxcor, both as the subsidiary of Maxcor's parent company and as the company that hired Maxcor to work on the site where Plaintiff's injury occurred.

As the Court previously stated, "there is nothing in the Amended Complaint that states when Utility Service knew or should have known of the cause of action or whether the delay has impaired Utility Service's ability to defend itself" and "[t]he Court can determine whether the Amended Complaint relates back when presented with sufficient facts to do so." Apr. 19, 2023, Order [DE 72]. Because these factual disputes regarding knowledge of the lawsuit are material to determining whether relation back applies and have still not been resolved, and because relation back would render Plaintiff's claims timely, summary judgment is inappropriate.

## IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES without prejudice** Defendant Utility Service Co., Inc's Motion for Summary Judgment [DE 111]. The Court **GRANTS** Plaintiff's Motion for Extension of Expert Disclosure Deadline [DE 125] and Defendant, Dixon Engineering, Inc.'s Motion to Extend Expert Disclosure Deadline and Response to Plaintiff's Motion for Extension of Expert Disclosure Deadline [DE 126] and **ORDERS** that Plaintiff's expert disclosure deadline is extended to **November 30, 2026**, and Utility Service's and Dixon Engineering's expert disclosure deadline is extended to **December 30, 2026**. The Court further **ORDERS** that the expert

discovery deadline is extended to **January 29, 2027**.

SO ORDERED this 15th day of September, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record